FILED

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARGARET KINSELLA,

    PLAINTIFF,

VS.

THE PAD PLACE, INC., A FLORIDA
FOR-PROFIT CORPORATION, AND
MICHAEL V. KUNDERT,
INDIVIDUALLY,

    DEFENDANTS.

CASE NO:

8:17 cv 1365 T 33 TGW

JUDGE:

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARGARET KINSELLA, by and through the undersigned attorney, sues the Defendants, THE PAD PLACE, INC, a Florida For-Profit Corporation, and MICHAEL V. KUNDERT, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, unpaid wages, commissions, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Article X, Section 24 of the Florida Constitution.

2. Plaintiff worked for Defendants from November 1, 2013 to June 24, 2016 in sales, service and estimating.



3. Defendant, THE PAD PLACE, INC, is a Florida For-Profit Corporation that operates and conducts business in, among others, Sarasota County, Florida and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, MICHAEL V. KUNDERT was an individual resident of the State of Florida, who owned and operated THE PAD PLACE, INC, and who regularly exercised the authority to: (a) hire and fire employees of THE PAD PLACE, INC; (b) determine the work schedules for the employees of THE PAD PLACE, INC, and (c) control the finances and operations of THE PAD PLACE, INC. By virtue of having regularly exercised that authority on behalf of THE PAD PLACE, INC, MICHAEL V. KUNDERT is an employer as defined by 29 U.S.C. § 201, et seq.

5. This action is brought under the FLSA and Florida law to recover from Defendants unpaid wages, commissions, overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

6. This case and controversy exceeds $15,000.00 in damages.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq., and supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. §1367.

8. During Plaintiffs employment with Defendant, THE PAD PLACE, INC, Defendant earned more than $500,000.00 per year in gross sales.

9. During Plaintiffs employment with Defendant, THE PAD PLACE, INC, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were tile, carpet, flooring materials, and other flooring related items which originated from outside the state of Florida

11. Therefore, Defendant, THE PAD PLACE, INC, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

12. Additionally, Plaintiff is individually covered by the FLSA as a result of her almost daily use of the telephone and internet to talk to potential customers out of state, vendors, and other persons in order, service or install flooring.

## FLSA AND FLORIDA LAW VIOLATIONS

13. At all times relevant to this action, Defendants failed to comply with the FLSA and Florida law by failing to pay Plaintiff salary as agreed, any overtime compensation, and by failing to pay her enough compensation to meet the minimum wage.

14. Plaintiff was hired by Defendants in November 2013 to run the Venice showroom at a weekly salary of $400.00 per month to perform specific daily, weekly and "as needed" responsibilities.

15. Plaintiff, in addition to managing the Venice showroom, assisted her customers and customers that belonged to Defendants, handled customer service calls, and assisted in install scheduling on a daily basis bust was only paid on sales attributed to her origination and effort.

16. Her sales efforts were compensated by being paid a sliding scale commission rate of 25-27% of the gross profit of the entire job of only jobs that were originated by her.

17. Then, in January 2014, with no notice or basis, Plaintiff's salary for management of the Venice Sales office was reduced to $261.45 per week.

18. Then, in July 2015, with no notice or basis, Plaintiff's salary for management of the Venice Sales office was reduced to $190.00 per week.

19. Finally, in May 2016, again without any notice or basis, Plaintiff's salary for management of the Venice Sales office was eliminated completely.

20. At this point, having no other alternative, Plaintiff was forced to quit her position to seek other employment.

21. Plaintiff was a non-exempt employee during her employment with Defendants.

22. Consequently, as a result of her not being paid her contracted wage for managing the showroom, in many weeks in 2015 and 2106, the commissions earned by Plaintiff did not meet the applicable minimum wage rate.

23. As a result of these pay policies above, Plaintiff was not paid enough compensation to meet the minimum wage in many weeks, was not paid her contracted pay, and was also not paid any compensation for overtime hours worked.

24. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

27. During her employment with Defendants, Plaintiff was a non-exempt employee.

28. During her employment with Defendants, Plaintiff worked overtime hours but was not paid any overtime compensation for same.

29. Defendants did not have a good faith basis for their decision to not pay Plaintiff overtime compensation.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARGARET KINSELLA, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

34. Plaintiff was entitled to be paid the minimum wage for each hour worked during her employment with Defendants.

35. During his employment with Defendants, Plaintiff was often paid so little in either her hourly rate initially or in commissions for her regular rate of pay to even meet the applicable minimum wage.

36. Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendants have refused to respond to the letter.

37. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

38. Defendants did not have a good faith basis for their failure to pay Plaintiff complete and full minimum wages.

39. Defendant willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

40. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARGARET KINSELLA, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF MINIMUM WAGES (STATE LAW)

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

42. Plaintiff was entitled to be paid the minimum wage for each hour worked during her employment with Defendants.

43. During her employment with Defendants, Plaintiff was often paid so little in either her hourly rate initially or in commissions in 2013 for her regular rate of pay to even meet the applicable minimum wage.

44. Plaintiff has demanded proper compensation for these unpaid minimum wages via a demand letter, but Defendants have refused to respond to the letter.

45. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

46. Defendants did not have a good faith basis for their failure to pay Plaintiff complete and full minimum wages.

47. Defendant willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

48. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARGARET KINSELLA, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV - RECOVERY OF UNPAID WAGES

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

50. Plaintiff was hired in November 2013 to manage and run a sales showroom in Venice, Florida for Defendants.

51. Plaintiff was to be paid $400.00 per week to complete these duties and responsibilities.

52. Plaintiff was paid properly and as agreed for eleven weeks but then in January 2014, without notice, had her pay withheld each week in the amount of $138.55 for seventy-six weeks.

53. In July 2014, the amount withheld from each paycheck increased to $210.00, without notice, for a period lasting forty-three weeks.

54. Finally, in May 13, 2016, the entire $400 per week was withheld for four weeks, without notice, causing Plaintiff to have to leave the Defendants employment and seek elsewhere.

55. To date, Plaintiff is owed $21,159.80 of unpaid wages from Defendants.

56. Defendants did not have a good faith basis for their failure to pay Plaintiff her complete and full salary.

57. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MARGARET KINSELLA, demands judgment against Defendants for unpaid wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Respectfully Submitted,

This 5th day of June, 2017.

By: /s/ Steven K. Teuber
Steven K. Teuber, Esquire
Florida Bar Number 14790

Teuber Law, PLLC
1375 Jackson Street, Suite 201
Fort Myers, FL 33901

Phone: (239) 288-0538
Facsimile: (239) 288-0541

Email: STeuber@Teuberlaw.com
Eservice: Eservice@Teuberlaw.com